13-1578-cv
*Goonewardena v. North Shore Long Island Jewish Health System, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fifteen.

PRESENT:
  ROBERT A. KATZMANN,
    *Chief Judge,*
  JOHN M. WALKER, JR.,
  GERARD E. LYNCH,
    *Circuit Judges.*

_____

PRASANNA W. GOONEWARDENA,

  *Plaintiff-Appellant*,

  v.                                                          No. 13-1578-cv

NORTH SHORE LONG ISLAND JEWISH
HEALTH SYSTEM, ZUKER HILLSIDE
HOSPITAL, LUDMILA P. DASHEVSKY,
PSYCHIATRIST, TINA WALCH,
PSYCHIATRIST, PAULINE WALFISCH,
PROGRAM DIRECTOR, MAHENDRA AIREN,
PSYCHIARTRIST, JOHN KANE, CHAIRMAN,
IN SOON YANG, NP, REMY GALLANT,
MENTAL HEALTH WORKER, CHRISTOPHER
PHILLIPS, REGISTERED NURSE, MARY

1

AFFLERBACH, SOCIAL WORKER, EDWARD
REDMOND, SOCIAL WORKER, GERALD P.
RYAN, SECURITY DIRECTOR, JOHN DOE,
SECURITY GUARD,

> *Defendants-Appellees*,

MICHAEL LEVENE,

> *Defendant*.

FOR PLAINTIFF-APPELLANT:     PRASANNA W. GOONEWARDENA, pro se, Bellerose, NY.

FOR DEFENDANTS-APPELLEES:   ROBERT GERARD VIZZA, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Prasanna W. Goonewardena, proceeding pro se, appeals the district court's judgment dismissing his complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review Rule 12(b)(6) dismissals de novo, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp.*, 634 F.3d 706, 715 (2d Cir. 2011) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009). We read pro se complaints with "special solicitude" and interpret them "to raise the strongest [claims] that [they] suggest[]." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted).

First, Goonewardena argues that the district court erred in dismissing his complaint for failure to state a Rehabilitation Act claim. Goonewardena contends that he did in fact state such a claim by alleging that he was involuntarily committed on account of defendants' irritation towards him for refusing to sign a hospital security director's letter, despite not being dangerous to anyone. To state a Rehabilitation Act claim, a plaintiff must allege that the defendant's decision to hospitalize him was motivated by some consideration based on his disability that was "unrelated to proper medical decision-making about the case." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 232 (2d Cir. 2014). Goonewardena's claim that the defendants involuntarily committed him due to their alleged irritation with him, while perhaps sufficient to support a malpractice claim, does not allege that the defendants' decision was motivated by any impermissible considerations based on his disability.

Second, Goonewardena argues that the district court erred by failing to find that defendants violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act when defendants failed to accept him back into the outpatient unit following his hospitalization. But to state an ADA or Rehabilitation Act claim, Goonewardena was required to plausibly allege that the defendants' refusal to accept him back into the outpatient center was due to his disability. *See Hargrave v. Vermont*, 340 F.3d 27, 34–35 (2d Cir. 2003). Here, Goonewardena's allegations indicate that he was barred from returning to the outpatient center because of his escalating violations of hospital policy. Thus, Goonewardena's argument fails.

Finally, the district court appropriately exercised its discretion and declined to exercise supplemental jurisdiction over Goonewardena's state law claims after it determined that all of his federal claims must be dismissed. *See Sudler v. City of New York*, 689 F.3d 159, 178 n.25 (2d Cir. 2012).

We have considered all of Goonewardena's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4